## Bill Waldrop v. The State.

No. 20736.  Delivered January 10, 1940.
Rehearing Denied February 21, 1940.

The opinion states the case.

*H. S. Beard,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for forgery, punishment assessed being three years in the penitentiary.

No bills of exception are brought forward complaining of any trial procedure, and the only question involved is the sufficiency of the evidence to support the finding of the jury.

Appellant was indicted under the name of Bill Waldrop, charged with having made a check on the First National Bank of Melvin, Texas, payable to the order of the Walker Smith Company for $46.61, signing the name of W. W. Waldrop to said check. Appellant defended on the ground that W. W. Waldrop was his true name. The trial judge realized that under the indictment as drawn if appellant signed his true name to the check he could not be convicted, and he protected appellant's rights in that regard in every way possible. In submitting the case from the State's standpoint, after requiring the jury to believe from the evidence beyond a reasonable doubt all the other facts necessary to make the execution of the check forgery, he required them to believe beyond a reasonable doubt that W. W. Waldrop was not the name of appellant before they could convict him. In a subsequent paragraph of the charge he told the jury that before they could convict appellant they must believe beyond a reasonable doubt

that W. W. Waldrop was not his real and correct name. Still further advising the jury in another paragraph he charged the jury as follows: "You are further instructed that if you find and believe from the evidence that the defendant commonly and frequently used the name W. W. Waldrop, and that he signed the check in question 'W. W. Waldrop' pursuant to such ordinary custom and habit, or if you have a reasonable doubt as to the facts in this respect, you will give the defendant the benefit of such doubt, and say by your verdict not guilty."

The evidence shows that the check in question was given in payment for goods purchased by appellant from the Walker Smith Company and that he represented at the time that he was in the cafe business at Melvin, and in reply to a question as to whether he was related to Mr. Waldrep, a banker at Melvin, appellant stated that he was a third or fourth cousin. The evidence further developed that appellant was not in business in Melvin and that he was not related to Alvis W. Waldrep, who was the cashier of the bank at that place. The evidence further shows that appellant had never lived in Melvin or in that community. Upon the issue of appellant's true name the witness Baker testified that a few days before the check in question was executed by appellant that witness had sold appellant a bill of merchandise at Ballinger and that appellant executed a check in payment for such merchandise, signing it "F. W. Waldrop." A sister of appellant testified that he sometimes signed his name as F. W. Waldrop, sometimes as W. W. Waldrop and sometimes Bill Waldrop; that his name was "Felter William Willie Bill Waldrop." It also developed that appellant had been tried for lunacy in June, 1935, and was convicted thereof under the name of F. W. Waldrop and had been sent to the insane asylum at the time under said conviction. The sister further said that she testified upon the lunacy trial that appellant's name was F. W. Waldrop. The sheriff of McCulloch County, who was also the jailer, testified that appellant received letters while confined in the jail, addressed to him as Bill Waldrop. As we understand the sheriff's testimony the letters addressed to appellant before the indictment was returned against him were directed in the name of Bill Waldrop, but after the indictment was returned that he received some letters addressed "Bill W. W. Waldrop," and that prior to the indictment none had been received by appellant as W. W. Waldrop. Appellant also received some letters while in jail addressed to F. W. Waldrop, but none addressed to W. W. or Bill W. W. Waldrop prior to the return of the indictment.

·The sheriff further testified that appellant wrote some letters while in jail and that most of those sent out by him were signed "Bill Waldrop," and that his recollection was that no letters were signed "W. W. Waldrop" until· after the indictment was returned, at which time he began signing his letters as "W. W. Waldrop," and that they were so mailed out; that most of the letters he received while in jail were directed either to "Bill" or "F. W." Waldrop.

The true name of appellant as assigned to him by his sister— Felter William Willie Bill Waldrop—is, to say the least, unusual. The other testimony speaks for itself and we have concluded that we would be unauthorized under the evidence to substitute our judgment for that of the jury, which, if they followed the court's instructions, must have found that W. W. Waldrop was not appellant's name.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, Judge.

After carefully considering appellant's motion for rehearing we are constrained to adhere to the conclusion reached by us in the original opinion.

Appellant's motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.